28 F.3d 104
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Anthony BARONE, Jr., Plaintiff-Appellant,
v.
Thomas FOLEY, Defendant,
Joseph Matvey; Charles Jordan, Defendants-Appellees.
 No. 93-15790.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 12, 1994.*
Decided June 27, 1994.
 
 Before: GOODWIN, POOLE, REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Nevada state prisoner Anthony Barone, Jr. appeals pro se the district court's grant of summary judgment for defendants Joseph Matvey[1] and Charles Jordan in this action under 42 U.S.C. Sec. 1983. Barone alleges that defendants, individually and in concert, violated his rights to a fair trial, effective assistance of counsel and due process by their actions in connection with his robbery trial and conviction. Specifically, he alleges that Matvay, an identification specialist with the Las Vegas Metropolitan Police Department, purposefully withheld exculpatory evidence. Barone further asserts that the district court granted summary judgment without according him a fair opportunity to present evidence in support of his claims.[2]
 
 DISCUSSION
 I. Opportunity to Present Evidence
 
 3
 Barone argues that he was unable to present important evidence to the district court to support his opposition to summary judgment. However, the record shows that the district court afforded him ample opportunity to present evidence, and that the evidence that he did present does not support his legal claims.
 
 
 4
 In papers filed with the district court far in advance of his summary judgment hearing, Barone assured the court that he had the necessary evidence, and his submissions cited specific pages of his trial transcript. Although he later complained that he did not have the opportunity to submit evidence because his indigency prevented him from copying the thousands of pages needed, he cited only a manageable number of pages in his opposition to summary judgment. Attached to his opposition were about 20 pages of documentation, none of which supports his legal claims. Moreover, many of the other pages that he cited in his opposition are included in defendants' appendices to their motions before the court; these pages do not support his arguments either.
 
 II. Genuine Issue of Material Fact
 
 5
 Fed.R.Civ.P. 56(c) provides that summary judgment shall be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the party is entitled to a judgment as a matter of law." Attached to defendants' motions for summary judgment were police reports and numerous lengthy excerpts from the transcript of Barone's criminal trial supporting defendants' position that no constitutional violation occurred.
 
 
 6
 Barone failed to produce any specific evidence that supported his claims. His opposition to defendants' summary judgment motion included five exhibits--some transcript excerpts, criminal court minutes, an excerpt from a brief and an affidavit from his defense counsel stating that she was surprised at trial when identification specialist Matvey mentioned the unidentified palm print. These submissions failed to raise a genuine issue of material fact for trial. Instead, Barone's papers consisted of a mix of factual evidence that does not tend to prove the alleged constitutional violations, and conclusory assertions that the violations occurred.
 
 A. Withholding of Exculpatory Evidence
 
 7
 Barone alleges that identification specialist Matvey intentionally withheld exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963). Specifically, he claims that during pre-trial discovery Matvey failed to disclose that there was an unidentified palm print on a gun used in the robbery.
 
 
 8
 However, the evidence is undisputed that Matvey disclosed the palm print in his reports, and that he testified about it at trial. Further, this evidence is not "exculpatory," even in light of the fact that other prints found on the gun matched Barone's. The palm print was not determined not to be Barone's; it was simply unidentified. At best, such a palm print is neutral evidence that does not raise an inference to either help or hurt the defendant's case. It is clearly not material evidence whose nondisclosure is sufficient to "undermine confidence in the outcome" of Barone's trial. United States v. Bagley, 473 U.S. 667, 682 (1985).
 
 CONCLUSION
 
 9
 We AFFIRM the district court's grant of summary judgment.[3]
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 He is identified as Joseph "Matvey" in the caption and district court order, etc.; however, in his affidavit and his counsel's submissions the name is spelled "Matvay." C.R. 33
 
 
 [2]
 In his brief, Barone does not pursue two issues that he raised in the district court. Specifically, he asserted below that Jordan, a police detective, conducted an improper photo lineup in the absence of counsel; and that he was denied equal protection of the law because the robbery victims were not prosecuted for possession of marijuana. These issues are waived. Wilcox v. Commissioner, 848 F.2d 1007, 1008 n. 2 (arguments not addressed in brief are deemed abandoned)
 
 
 [3]
 Since we hold that no constitutional violation occurred, there can be no error in the district court's finding of qualified immunity. See Romero v. Kitsap County, 931 F.2d 624, 627 (9th Cir.1991) (officers have qualified immunity unless plaintiff shows, inter alia, violation of clearly established constitutional right)